UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No. 20-CR-168

PATRICK R. BUDIC,

    Defendant.

## RECOMMENDATION AND ORDER

**1. Background**

The United States alleges that Patrick R. Budic engaged in a years long scheme to defraud the government. Budic claims that he simply found a loophole in a federal program.

The federal government has a program entitled the Federal Personal Property Management Program ("the Program") pursuant to which it disposes of property it no longer needs. As part of the Program, it may donate "excess property" to certain eligible organizations. (ECF No. 1, ¶ 2. a.) Under the Stevenson-Wydler Technology Innovation Act of 1980, eligible organizations include "an educational institution or nonprofit

organization for the conduct of technical and scientific education and research activities." 15 U.S.C. § 3710(i).

If property goes unclaimed by any eligible organization, it is deemed "surplus" and made available to state and local governments as well as non-profit institutions. (ECF No. 1, ¶ 2. b.) If the property remains unclaimed, only then is it made available for sale to the general public. (ECF No. 1, ¶ 2. b.)

Budic operated Northridge National Laboratory, a non-profit research organization eligible under the Stevenson-Wydler Technology Innovation Act to obtain excess government property. Rather than using the excess property in Northridge's work, Budic sold it and used the proceeds to fund Northridge's fledgling operation. (ECF No. 15 at 1.) He even allowed his prospective customer to use his credentials to access a non-public government website so the customer could browse available excess property to identify property it wanted Budic to acquire and then sell to it.

The government alleges that such resale of donated property is not permissible under the Program. (ECF No. 1, ¶ 2. c.) However, nothing in the Stevenson-Wydler Technology Innovation Act itself proscribes the reselling of property acquired under the Act. Nonetheless, the government obtained an indictment charging Budic with four counts of wire fraud for two electronic transfers of funds to his bank account, for a call to a federal property disposal specialist, and for one instance in which he used a government website. (ECF No. 1, ¶ 9.) It also alleges that his acquisition of "10 Puritan

Bennett 840 ventilators from the Veteran's Affairs Medical Center in Saint Louis, Missouri" and "electric hospital beds from the Veteran's Affairs Medical Center in Prescott, Arizona" violated Title 18, United States Code, Section 641, which proscribes the embezzlement or theft of federal property. (ECF No. 1, Counts Five and Six.) And it alleges that he violated Title 18, United States Code, Section 2314 when he transported that property in interstate commerce "knowing the same to have been stolen, converted, and taken by fraud." (ECF No. 1, Counts Seven and Eight.)

**2. Motion to Dismiss the Indictment**

Budic has moved to dismiss the indictment. (ECF No. 15.) Ordinarily, "[i]n order for an indictment to be sufficient, it must identify the elements of the crime, fairly inform the defendant of the charge so that he may prepare a defense, and enable the defendant to evaluate any double jeopardy problems." *United States v. Phillips*, 645 F.3d 859, 861 (7th Cir. 2011). "[N]othing more is required." *Id*.

Budic does not dispute the sufficiency of the indictment in these respects. Instead, he presents a different sort of motion to dismiss. He argues that there is no evidence that he ever made a materially false statement, without which the government cannot sustain its charges. (ECF No. 15 at 16.) He points to *United States v. Risk*, 843 F.2d 1059 (7th Cir. 1988), to argue that the court is permitted to dismiss an indictment "where the government's own facts simply do not conform to the allegations in the indictment." (ECF No. 15 at 27-28.)

3

*Risk*, however, presented "unusual circumstances," *Risk*, 843 F.2d at 1061, and represented "a narrow exception to the general rule that the district court may not dismiss based on facts outside the indictment." *United States v. Brown*, No. 14-CR-82, 2015 U.S. Dist. LEXIS 6667, at *9 (E.D. Wis. Jan. 21, 2015). In *Risk*, the government agreed that the facts presented by the defendant were accurate. Based on those undisputed facts, the court agreed that no violation of the law occurred. *See Brown*, 2015 U.S. Dist. LEXIS 6667, at *9 (discussing *Risk*).

The government here says that it disputes the facts proffered by Budic, although it does not identify any specific fact it disputes. (ECF No. 17 at 7-13.) In Budic's view, baldly asserting a dispute without identifying the nature of the dispute "cannot and should not be the standard[]" for determining the sufficiency of the indictment. (ECF No. 20 at 2.)

Unfortunately for Budic, that *is* the standard. *See, e.g.*, *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009) ("[W]hen evaluating the sufficiency of an indictment, we focus on its allegations, which we accept as true. 'Challenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence.'" (quoting *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006)). In fact, even *Risk* reiterated that standard. *Risk*, 843 F.2d at 1061 ("The government correctly points out that, at the pretrial stage, the indictment ordinarily should be tested solely by its sufficiency to charge an offense, regardless of the strength

or weakness of the government's case." (citing *United States v. Sampson*, 371 U.S. 75, 78-79 (1962)).

Aside from the unusual and narrow exception recognized in *Risk* where the government agrees to the defendant's facts, the court cannot grant a pretrial motion to dismiss an indictment on the ground that the evidence would not support a conviction. *See United States v. Lupton*, No. 07-CR-219, 2007 U.S. Dist. LEXIS 90549, at *9 (E.D. Wis. Dec. 10, 2007) ("It is well-settled that a defendant may not, via Rule 12(b), challenge the sufficiency of the evidence of his guilt.") (citing *United States v. George,* 403 F.3d 470, 472 (7th Cir.), *cert. denied,* 546 U.S. 1008 (2005); *Risk,* 843 F.2d at 1061). The court in *Risk* said that its decision was based not on the insufficiency of the evidence but on the fact that the facts set forth in the indictment were insufficient to state a claim under the statute. *Risk*, 843 F.2d at 1061 ("The district court found no violation and correctly dismissed the indictment, not because the government could not prove its case, but because there was no case to prove.").

The procedure that Budic proposes, in which the defendant sets forth facts that he believes are undisputed, the government is required identify the facts it disputes, and the court decides if a dispute of material fact exists for the jury to decide, is akin to summary judgment in the civil setting. *See* Fed. R. Civ. P. 56. But "there is no summary judgment analog in criminal cases." *Lupton*, 2007 U.S. Dist. LEXIS 90549, at *11 (citing *United States v. Xiong,* No. 06-CR-72, 2006 U.S. Dist. LEXIS 48905, 2006 WL 3025651, at *2

(W.D. Wis. July 7, 2006) (collecting cases); *United States v. Yasak,* 884 F.2d 996, 1001 (7th Cir. 1989) ("A motion to dismiss is not intended to be a 'summary trial of the evidence.'")). Only after the government is done presenting its evidence to the jury may the defendant challenge the sufficiency of the evidence. *See* Fed. R. Crim. P. 29.

Because Budic does not challenge the facial sufficiency of the indictment, it is not necessary to address his motion further. Nonetheless, the court notes that the indictment alleges:

- Budic "devised, intended to devise, and participated in a scheme to defraud departments and agencies of the United States government and others and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises …." (ECF No. 1, ¶ 1.)

- "The essence of Budic's scheme to defraud was to obtain excess property, specifically excess medical equipment, under the guise that the medical equipment was being acquired for the purpose of NNL research and development projects, when, in fact, the medical equipment was acquired for the personal benefit and profit of Budic." (ECF No. 1, ¶ 3.)

- "Budic then used false and fraudulent pretenses and representations to departments and agencies of the United States government and others to request and to obtain excess medical equipment by invoking the Stevenson-Wydler Act as the transfer mechanism to NNL. Budic made false and fraudulent statements in writing about the acquisition, possession, and intended use of the excess medical equipment." (ECF No. 1, ¶ 5.)

If proven at trial, these allegations would sustain a conviction under 18 U.S.C. § 1343.

Similarly, notwithstanding Budic's assertion that his review of the discovery does not reveal any materially false statement, dismissal of the theft and related transportation of stolen property charges is not appropriate at this stage. The

6

indictment adequately alleges that Budic stole certain government property and then transported it in interstate commerce. Nothing more is required at this point. Therefore, the court will recommend that Budic's motion to dismiss be denied.

   3. **Motion for a Bill of Particulars**

Budic has also filed a motion for a bill of particulars. (ECF No. 16.) Federal Rule of Criminal Procedure 7(f) permits the court to order the government to provide a defendant with a bill of particulars. "The purposes of a bill of particulars are to inform the defendant of the nature of the charge against her to enable her to prepare for trial, to avoid or minimize the danger of surprise at time of trial, and to enable her to plead acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite." *Brown*, 2015 U.S. Dist. LEXIS 6667, 10-12 (citing *United States v. Roman*, 728 F.2d 846, 856 (7th Cir. 1984)). "[A] bill of particulars is 'unnecessary where the indictment sets forth the elements of the charged offenses and provides sufficient notice of the charges to enable the defendant to prepare his defense.'" *United States v. Vaughn*, 722 F.3d 918, 927 (7th Cir. 2013) (quoting *United States v. Hernandez*, 330 F.3d 964, 975 (7th Cir. 2003); citing *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981)).

While a defendant is entitled to know the offense with which he is charged, the government need not disclose all the details of how it will prove its case. *United States v. Blanchard*, 542 F.3d 1133, 1141 (7th Cir. 2008) (citing *United States v. Fassnacht*, 332 F.3d

440, 445 (7th Cir. 2003)); s*ee also Kendall*, 665 F.2d at 135 (quoting *United States v. Giese*, 597 F.2d 1170, 1181 (9th Cir. 1979)) ("It is established that 'a defendant is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case.'"); *United States v. Douglas*, 2005 U.S. Dist. LEXIS 13163 (W.D. Wis. June 27, 2005) (citing *Wong Tai v. United States*, 273 U.S. 77, 82 (1927)) ("[A] bill of particulars under F. R. Crim. Pro. 7(f) is not designed to provide the defendant with a detailed disclosure of the government's witnesses, legal theories or evidentiary detail.").

Budic asks the court to order the government to provide a bill of particulars that:

1. With respect to Counts 1 through 4, identifies "the specific 'statements in writing' that contain the allegedly 'false and fraudulent' statements." (ECF No. 16 at 1-2.)

2. With respect to Count 4, identifies "the specific 'transmission' discussed in this count, including identifying the person or entity that initiated the signal, the person or entity who received the signal, what information the electronic signal contained, and, if a written version of that signal exists, the document that contains the signal." (ECF No. 16 at 2.)

He argues that, without this information, he is left to guess as to the nature of the government's allegations, and disclosure is necessary to prevent him from being prejudiced. (ECF No. 16 at 3-4.)

With respect to Budic's second request for information, the government asserts that

> the information requested is contained within the evidence at Bates Stamped pages GSA2_000095-000106 and GSA2_000244-000273. The government has also provided an additional spreadsheet, not contained within the original discovery, of GSA records regarding the withdrawal of the ventilator listing from the GSAXcess server. Therefore, the

> identification of the relevant discovery materials, combined with the production of additional records, moots the defendant's motion with respect to his second request because the discovery material answer his questions.

(ECF No. 17 at 14-15.) Budic concedes that this disclosure moots his request related to this aspect of Count Four. (ECF No. 20 at 6.)

The government opposes Budic's other request "because the Indictment, combined with the extensive discovery materials provided to the defense, have sufficiently apprised the defendant of the charge against him such that he is able to prepare a defense." (ECF No. 17 at 15.) In the government's view, Budic's motion to dismiss is itself proof that he has been able to successfully navigate the discovery, understand the nature of the charges against him, and prepare a defense. (ECF No. 17 at 15.)

The fact that the government has provided "extensive discovery" does not, by itself, negate the need for a bill of particulars. To the contrary, the extensiveness of discovery may support the need for a bill of particulars. *See United States v. Arberry*, No. 06-CR-278, 2007 U.S. Dist. LEXIS 105640, at *10 (E.D. Wis. Feb. 15, 2007) ("the lack of specificity in the charges combined with the production of the voluminous documents will occasionally prompt judges to order a bill of particulars" (quoting Barry Tarlow, *When Too Much Discovery Is Not Enough*, 26 Mar. Champion 56 (2002))); *United States v. Vasquez-Ruiz*, 136 F. Supp. 2d 941, 943 (N.D. Ill. 2001) ("The defense should not be left to its own devices and a sifting of the voluminous materials that have been

provided in order to divine the particulars of these critical allegations, which have not yet been disclosed." (citing *United States v. Davidoff*, 845 F.2d 1151, 1155 (2d Cir. 1988); *United States v. Bortnovsky*, 820 F.2d 572 (2d Cir. 1987)); *cf. Vaughn*, 722 F.3d at 928 (affirming denial of motion for a bill of particulars in part because "a 350-page production detailing witness statements and other surveillance activities is adequate to satisfy the need for a bill of particulars without being so voluminous that it places an unreasonable burden on the defendant"); *but see United States v. Williams*, No. 16-CR-111-JPS, 2017 U.S. Dist. LEXIS 61846, at *4 (E.D. Wis. Apr. 24, 2017) ("Williams has it backwards to suggest that the volume of discovery indicates a need for a bill of particulars.")

Budic states that this case, which involves an alleged three-year scheme to defraud the government,

> has resulted in an extreme amount of discovery. The government produced more than 300 gigabytes of discovery, including thousands of pages of reports, transcripts of interviews, email communications, and audio recordings. Much of this evidence involves requests and transactions involving excess medical equipment. There are thousands of pages alone that can be described as "written statements" coming from Budic or NNL.

(ECF No. 20 at 6-7.)

The government is of the view that, because somewhere within those 300 gigabytes is at least one materially false statement by Budic sufficient to sustain the

indictment, it need not be any more specific. In other words, because it has turned over the haystack, it need not point to the needle.

Whether to require the government to provide a bill of particulars is a matter of discretion. *Fassnacht*, 332 F.3d at 446 ("The choice to grant or deny such a motion is committed to the discretion of the trial court …."). The oft-cited standards regarding bills of particulars set forth in the government's response reflect when the court must grant a defense motion under Fed. R. Crim. P. 7(f). But the issue before the court is rarely whether it *must* but rather whether it *should* order the government to provide a bill of particulars.

In deciding this question it is notable that the government's argument is solely that the court is not required to order the government to provide the requested information to Budic. It argues only that it would not be an abuse of discretion for the court to deny Budic's motion. It does not argue that granting the motion would be an abuse of discretion, or even that it would suffer any harm or that prejudice would result if the court granted Budic's motion. Nor does it suggest that it would be difficult or burdensome for it to provide Budic with the information he seeks.

Budic, on the other hand, argues how the absence of a bill of particulars may prejudice him at trial should the government unexpectedly rely on some statement other than those he has identified.

In many fraud cases, the nature of the alleged fraud will be evident such that, regardless of the volume of the discovery, a bill of particulars is unnecessary to elucidate what is already clear. But there are exceptions. For example, in a case involving a physician charged with mail and health care fraud for a scheme where he was alleged to have ordered medically unnecessary tests for patients, the court granted the defendant's motion for a bill of particulars identifying the allegedly fraudulent bills. *United States v. Vasquez-Ruiz*, 136 F. Supp. 2d 941, 943 (N.D. Ill. 2001). Presumably, amidst the 17,000 pages of records the government disclosed were many procedures that the government did not allege were fraudulent. Absent a bill of particulars, the defendant was forced to either prepare a defense against every procedure or guess as to which documents the government would rely on at trial.

The circumstances here are not as extreme as those presented in *Vasquez-Ruiz*. While the discovery likely contains countless statements by Budic that the government will not allege were materially false, identifying a potentially materially false statement is not akin to having to identify a medically unnecessary procedure from thousands of billing records. And as Budic's motion to dismiss makes clear, he has been able to navigate the discovery with an eye toward preparing a defense.

Nonetheless, in light of Budic's showing as to how the absence of the requested details risks prejudicing him at trial, and in the absence of any argument from the government that it would be harmed if ordered to provide the bill of particulars

requested, it is appropriate to grant Budic's motion. What sets this case apart is not only the volume of discovery but also the absence of any material argument from the government and the fact that Budic has presented a theory of defense (*i.e.*, that the statements that the government may allege were misleading were nonetheless literally true) where pretrial disclosure will foster an orderly and efficient trial.

Therefore, the court will grant Budic's motion for a bill of particulars. Within 28 days of this order the government shall provide Budic a bill of particulars identifying the specific statements in writing that contain the allegedly false and fraudulent statements that form the basis for counts one through four of the indictment.

**IT IS THEREFORE RECOMMENDED** that Budic's motion to dismiss the indictment (ECF No. 15) be **denied**.

**IT IS FURTHER ORDERED** that Budic's motion for a bill of particulars (ECF No. 16) is **granted**. Within 28 days of this order the government shall provide Budic a bill of particulars identifying the specific statements in writing that contain the allegedly false and fraudulent statements that form the basis for counts one through four of the indictment.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A), (B) and (C) and Fed. R. Crim. P. 59(a) and (b)(2), whereby written objections to any order or recommendation herein or part thereof may be filed within fourteen days of the date of service of this recommendation and order or prior to the Final Pretrial Conference, whichever is

earlier. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal.

Dated at Milwaukee, Wisconsin this 6th day of October, 2021.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge